# EXHIBIT A

 

Search for Cases by: Select Search Method...

**Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print**                        **Logon**

## 20SL-CC01736 - TIFFANY FEMMER ET AL V SEPHORA USA, INC. (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:** ◉ Descending ○ Ascending          **Display Options:** All Entries

| | |
|---|---|
| **05/07/2020** | **Agent Served** |
| | Document ID - 20-SMCC-3187; Served To - SEPHORA USA, INC.; Server - ; Served Date - 22-APR-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served |
| **04/14/2020** | **Summons Issued-Circuit** |
| | Document ID - 20-SMCC-3187, for SEPHORA USA, INC.. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **03/19/2020** | **Filing Info Sheet eFiling** |
| |     **Filed By:** DANIEL JOHN ORLOWSKY |
| | **Note to Clerk eFiling** |
| |     **Filed By:** DANIEL JOHN ORLOWSKY |
| | **Pet Filed in Circuit Ct** |
| | CLASS ACTION PETITION FOR DAMAGES. |
| |     **On Behalf Of:** TIFFANY FEMMER, KATHRYN SCHOTT |
| | **Judge Assigned** |
| | DIV 7 |





Search for Cases by: Select Search Method...

**Judicial Links**  |  **eFiling**  |  **Help**  |  **Contact Us**  |  **Print**                    **Logon**

## 20SL-CC01736 - TIFFANY FEMMER ET AL V SEPHORA USA, INC. (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record. Further information may be available in the docket entries portion of Case.net. Because service of process may establish legal obligations, you may want to examine the original case file in the clerk's office.

Displaying **1** thru **1** of **1** service records returned for case **20SL-CC01736**.

|  |  |
|---|---|
| **Issuance** | |
| **Issued To:** SEPHORA USA, INC. | **Date Issued:** 04/14/2020 |
| **Document Issued:** Summons Civil Case-To Dft-Res | **Due Date:** 05/14/2020 |
| **Document ID:** 20-SMCC-3187 | |
| **Additional Text:** AD | |
| **Return** | |
| **Type Of Service:** Agent Served | **Service/Attempt Date:** 04/22/2020 |
| **Served To:** SEPHORA USA, INC. RA CSC-LAWYERS INCORP SERVICES 221 BOLIVAR STREET JEFFERSON CITY ,  MO 65101 | |

Displaying **1** thru **1** of **1** service records returned for case **20SL-CC01736**.

| Case.net Version 5.14.0.17 | Return to Top of Page | Released 11/25/2019 |
|---|---|---|



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 20SL-CC01736 |
|---|---|
| Plaintiff/Petitioner:<br>TIFFANY FEMMER ET AL | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL JOHN ORLOWSKY<br>7777 BONHOMME AVE<br>SUITE 1910<br>ST. LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>SEPHORA USA, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  SEPHORA USA, INC.
**Alias:**
**RA CSC-LAWYERS INCORP SERVICES**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>14-APR-2020</u>
Date

_____
Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| TIFFANY FEMMER,<br><br>and<br><br>KATHRYN SCHOTT, on behalf of themselves<br>and all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>SEPHORA USA, INC.<br>Serve:  Registered Agent<br>   CSC-Lawyers Incorporating Service<br>   221 Bolivar Street<br>   Jefferson City, MO 65101<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Cause No.

Division:

JURY TRIAL DEMANDED

## CLASS ACTION PETITION FOR DAMAGES

COME NOW Plaintiffs Tiffany Femmer and Kathryn Schott, and bring this action on behalf of themselves and all others similarly situated ("Class") against Defendant Sephora USA, Inc. (otherwise referred to as "Sephora" or "Defendant"); and, upon information and belief, alleges as follows:

## INTRODUCTION

1.  Missouri law requires retailers to charge sales or use tax on the sales of their products to Missouri purchasers.

2.  Missouri state law mandates that retailers with tax nexus charge a use tax on sales of their products through remote means, including an internet website, telephone, catalog or other remote communications systems (collectively, "remote sales channel(s)") to Missouri purchasers that are shipped from an out-of-state facility.  The state use tax rate for these sales is 4.225%.

There are also additional local use taxes that are imposed on sales made through remote sales channels based on the delivery address of the Missouri purchasers.

3.     Sephora illegally and erroneously overcharges "tax" monies at a higher tax rate than the correct applicable use tax rate on products purchased through remote sales channels, including from Sephora's internet website, that are shipped to Missouri customers from an out-of-state facility, resulting in the overcollection of monies from Missouri consumers.

## PARTIES

4.     At all relevant times, Plaintiffs were and are Missouri citizens residing in Missouri.

5.     This is an action brought directly by Plaintiffs against Defendant.

6.     Sephora USA, Inc., is a Michigan corporation with its principal place of business at 525 Market Street, 32nd Floor, San Francisco, California.  Sephora is a chain of personal care and beauty stores.  Featuring nearly 300 brands, along with its own private label, Sephora offers beauty products including cosmetics, skincare, body, fragrance, nail color, beauty tools, and haircare.

7.     Sephora conducts, and at all relevant times, has conducted business in St. Louis County through its physical, brick-and-mortar stores.

8.     Sephora conducts, and at all relevant times, has conducted business in St. Louis County through remote sales channels, including making sales through its internet website.

## JUISDICTION & VENUE

9.     This Court has personal jurisdiction over Sephora because the acts and/or omissions which are the subject of this litigation occurred in St. Louis County, Missouri, and Defendant regularly conducts business in St. Louis County, Missouri.

10.     Venue is proper in St. Louis County, Missouri pursuant to Missouri Revised Statute § 508.010.

2

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1341.

## FACTUAL ALLEGATIONS

12.     Plaintiffs bring this action on behalf of themselves and a proposed class of Missouri residents who purchased products from Sephora through remote sales channels, including its internet website, that were shipped from an out-of-state facility to the purchasers' delivery addresses in Missouri and were charged "tax" monies at a higher tax rate than the correct applicable use tax rate.

13.     Missouri law mandates that retailers with tax nexus charge a cumulative state and local use tax rate on sales of their products through remote sales channels that are shipped to Missouri purchasers from an out-of-state facility to a delivery address in Missouri.

14.     Title X of the Missouri Taxation and Revenue, Chapter 144, sets forth the statutory scheme for the state of Missouri for the collection of sales and use tax.  Chapter 144 is divided into two basic parts: (1) The Sale Tax Law set forth in §144.010 to §144.525; and (2) The Compensating Use Tax Law set forth in §144.600 through §144.761.

15.     Missouri Revised Statutes § 144.020.1 provides "a tax is hereby levied and imposed…upon all sellers for the privilege of engaging in the business of selling personal property …at retail in this state."

16.     Section 144.020 imposes a sales tax on the sale of tangible personal property between a Missouri seller and Missouri purchaser.

17.     Upon determination that a sale is subject to sales tax, the tax rate on intrastate sales is calculated by adding the state sales tax rate of 4.225% and any applicable local sales tax rate imposed by the local tax jurisdiction(s) in which the retail store making the sale is located.

3

18.     Section 144.030.1 provides for an exemption from sales tax "for retail sales as may be made in commerce between this state and any other state of the United States, or between this state and any foreign country, and any retail sales which the state of Missouri is prohibited from taxing pursuant to the Constitution or laws of the United States of America." This provision in §144.030.1 is commonly known as the Missouri statutory "in commerce" exemption.

19.     This Missouri statutory "in commerce" exemption provides an exemption from Missouri sales tax for any interstate, in-bound retail sales made between a seller from a non-Missouri location and a Missouri purchaser where the seller delivers the purchased tangible personal property from outside the state of Missouri to the purchaser's delivery address in Missouri.

20.     While interstate, in-bound retail sales transactions involving sellers of tangible personal property from a non-Missouri location to Missouri purchasers at a Missouri delivery address are exempt from sales tax pursuant to the statutory "in-commerce" exemption set forth in § 144.030.1, such sales are subject to Missouri's compensating use tax law as set forth in §144.600 through §144.761.

21.     Section 144.610.1 imposes a use tax on "the privilege of storing, using or consuming within this state any article of tangible personal property."

22.     The use tax is a compensating, or complementary, tax imposed on the purchase of tangible personal property otherwise exempt from sales tax pursuant to, inter alia, the statutory "in commerce" exemption.

23.     Accordingly, any taxable sales transaction involving the in-bound shipment of tangible personal property from an out-of-state location to a purchaser in Missouri that is exempted

4

from sales tax by Missouri's statutory "in commerce" exemption is subject to the compensating use tax.

24.    Section 144.635 requires every seller with tax nexus in Missouri that is delivering tangible personal property from a non-Missouri location to Missouri purchasers at a Missouri delivery address to collect and remit the applicable use tax from the Missouri purchasers.  Under Missouri's sales/use tax statutory scheme, this is known as the collection of "vendors' use tax."

25.    Upon determination that a sale is subject to use tax, the use tax rate is calculated by adding the state use tax rate of 4.225% and any applicable local use tax rate in effect at the delivery address of the Missouri purchaser.

26.    Despite clear Missouri law to the contrary, Sephora has charged in the past, and on information and belief continues to charge, excess "tax" on sales of their products through remote sales channels, including Sephora's internet website, to Missouri purchasers that are shipped from an out-of-state facility to a Missouri delivery address.

27.    Plaintiffs bring this class action on behalf of themselves and all persons and entities who, during the five-year period before the filing of this Petition, purchased a product from Sephora through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and who were charged tax monies at a higher tax rate than the correct applicable use tax rate.

## NAMED PLAINTIFFS ALLEGATIONS

28.    On January 30, 2020, Plaintiff Tiffany Femmer purchased Sephora Collection Retractable Waterproof Eyeliner from Sephora's website, www.sephora.com, for delivery to 102 Trail Drive, Berger, Missouri 63014.  Plaintiff Femmer's purchase was shipped from 8500 Nail Road, Olive Branch, Mississippi 38654.

5

29.     According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 102 Trail Drive, Berger, Missouri 63014 on January 30, 2020 is 4.225%.

30.     When Plaintiff Femmer purchased the Sephora Collection Retractable Waterproof Eyeliner on January 30, 2020, Sephora required Plaintiff Femmer to pay an 11.692% tax rate, resulting in the overcollection of monies.

31.     On January 30, 2020, Plaintiff Kathryn Schott purchased Sephora Collection Beauty Amplifier Mattifying H2O Gel Primer Mini from Sephora's website, www.sephora.com, for delivery to 1579 Oak Glenn Drive, Fenton, Missouri 63026.  Plaintiff's purchase was shipped from 8500 Nail Road, Olive Branch, Mississippi 38654.

32.     According to the Missouri Department of Revenue, the applicable use tax rate for sales of products through remote sales channels that are shipped by Defendant from an out-of-state facility for delivery to 1579 Oak Glenn Drive, Fenton, Missouri 63026 on January 30, 2020 is 4.225%.

33.     When Plaintiff Schott purchased the Sephora Collection Beauty Amplifier Mattifying H2O Gel Primer Mini on January 30, 2020, Sephora required Plaintiff Schott to pay a 12.667% tax rate, resulting in the overcollection of monies.

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3 on behalf of themselves and a class defined as follows:

> All persons and entities who, during the five-year period before the filing of this Petition, purchased a product from Sephora through a remote sales channel, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and were charged tax monies at a higher tax rate rather than the lower use tax rate.

Excluded from the class are:

     i.    Defendant, any entity in which a Defendant has a controlling interest or which has a controlling interest in a Defendant, and Defendants' legal representatives, predecessors, successors, assigns, and employees;

     ii.   Counsel and members of the immediate family of counsel for Plaintiffs herein; and

     iii.  The judge and staff to whom this case was assigned, and any member of the judge's immediate family.

35.     Plaintiffs reserve the right to revise this definition of the class based on facts she learns during discovery.

36.     Plaintiffs bring this action on their own behalf, and as a class action on behalf of the Class defined herein, pursuant to, and properly maintainable under Missouri Supreme Court Rule 52.08 and Missouri Revised Statutes §§407.025.2 and 407.025.3.

37.     Plaintiffs are members of the Class because, during the Class Period, they purchased a product from Sephora's website that was delivered from an out-of-state facility to Plaintiffs' Missouri delivery addresses and were charged tax monies at a higher tax rate rather than the lower use tax rate.

38.     Plaintiffs, on information and belief, asserts that, during the Class Period, thousands of Class members have similarly purchased numerous other products from Sephora through remote sales channels, including its internet website, that were delivered from an out-of-state facility to a Missouri delivery address and were illegally and erroneously charged tax monies at a higher tax rate rather than the lower use tax rate.

39.     The particular members of the Class are capable of being described without difficult managerial or administrative problems.  The members of the Class are readily identifiable from the information and records in the possession or control of the Defendant.

40.     The Class consists of thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

41.     This Class is believed to comprise many consumers, the joinder of whom is impracticable both because of their number and because they are spread out across the state of Missouri.  Moreover, the amount of damages suffered individually by each member is so small as to make suit for its recovery by each one economically unfeasible.

42.     Class treatment will provide substantial benefit to both the parties and the court system.  A well-defined commonality of interest in the questions of law and fact involved affects Plaintiffs and all proposed members of the Class.

43.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiffs and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class members.  The only material difference between the Class members' claims is the exact monetary amount to which each member of the Class is entitled.  The principal common issues include, but are certainly not limited to the following:

> a.  Whether Sephora charged and collected an incorrect tax rate on sales of its products through remote sales channels, including Sephora's internet website, to Missouri purchasers that were delivered from an out-of-state facility;

8

b.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility constituted an unlawful practice;

c.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility by Sephora constituted an unfair practice;

d.  Whether charging and collecting incorrect tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility generated a profit for Sephora;

e.  Whether Sephora misrepresented that a higher tax rate was owed on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

f.  Whether Sephora was negligent in calculating tax owed by its customers for purchases of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

g.  Whether Sephora was negligent in charging a higher tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

h.  Whether Sephora's practices with respect to its calculation of tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility are an unfair and unethical business practice;

9

     i.   Whether Sephora's customers were damaged due to Sephora's unlawful tax practices;

     j.   Whether Sephora should, under Missouri law, be required to return "tax" monies to Plaintiffs and the Class;

     k.   Whether Sephora acted with the malice necessary for the imposition of punitive damages;

     l.   Whether Plaintiffs and the Class conferred a benefit on Sephora in the form of money collected by Sephora as tax would be unjust;

     m.  Whether Sephora should be enjoined from continuing its improper and unlawful tax practices as described above; and

     n.   Whether Sephora should be required to pay attorneys' fees.

44.     Plaintiffs' claims are typical of the proposed Class.

45.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have no claims antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel. Undersigned counsel is committed to the vigorous prosecution of this action.

46.     The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class. The resolution of common questions in this case will resolve the claims of both Plaintiffs and the Class.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class are numerous and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or

10

impossible for proposed members of the Class to prosecute their claims individually.  Trial of Plaintiffs's claims is manageable.

48.     Unless a class is certified, Sephora will retain monies received and Plaintiffs will have suffered damages as a result of Sephora's illegal collection of taxes from Plaintiffs and proposed members of the Class.  Unless a class-wide injunction is issued, Sephora will continue to commit violations against Missouri customers.

49.     This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Mo. Rev. Stat. § 407.025.

## COUNT I:  VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

50.     Plaintiffs incorporate by reference and re-allege all preceding paragraphs of this Petition as if fully set forth herein.

51.     Sephora's actions alleged herein violated, and continue to violate, the Missouri Merchandising Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.*

52.     Sephora is a "person" within the meaning of the MMPA, at Missouri Revised Statutes § 407.010(5).

53.     The goods purchased from Sephora are "merchandise" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(4).

54.     The transactions resulting in purchases of goods from Sephora in Missouri are a "sale" within the meaning of the MMPA, Missouri Revised Statutes § 407.010(6).

55.     Sephora's actions alleged herein constituted and continue to constitute, illegal deceptive practice in violation of Mo. Rev. Stat. § 407.020.1 in that they were and are deception, fraud, false pretense, false promise, misrepresentation, unfair practice and/or the concealment,

suppression, or omission of material fact in connection with the sale of merchandise in trade or commerce, within the meaning of the MMPA.

56.     Sephora's actions alleged herein violated, and continue to violate, the MMPA because they constituted, and continue to constitute, unfair practices as that term is defined in Mo. Code Regs. Tit. 15, § 60-8.020.  Specifically, they were and are, *inter alia*, unethical.

57.     Plaintiffs and the Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

58.     Plaintiffs and the Class seek actual damages for all monies paid in violation of Chapter 144, Missouri Revised Statutes.

59.     Appropriate injunctive relief is necessary to prevent Sephora's MMPA violations from continuing.  If Sephora's violations of the MMPA are not stopped by such injunctive relief, Plaintiffs and the members of the class will continue to suffer injury by being charged a higher tax rate on sales of products through remote sales channels, including an internet website, by Sephora that were delivered from an out-of-state facility.

60.     The conduct of Sephora was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Sephora.

61.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II:  UNJUST ENRICHMENT

62.     Plaintiffs incorporate by reference and re-allege all preceding paragraphs of the Petition as though fully set forth herein.

12

63.     As alleged above, Sephora charged and collected a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

64.     Sephora has been unjustly enriched in that they received and retained the benefit of funds to which they were not entitled and received in violation of Missouri law.

65.     Said funds were conferred on Sephora by Plaintiffs and the Class members under a mistake of fact due to Sephora's misrepresentations, and unlawfully obtained to the detriment of Plaintiffs and the Class members.

66.     Sephora's retention of these funds is unjust because Sephora misrepresented the amount of tax due for the provision of its goods and services, and collected more tax than allowed under Missouri law.

67.     Allowing Sephora to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

68.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT III:  NEGLIGENCE

69.     Plaintiffs incorporate by reference and re-allege all preceding paragraphs of the Petition as though fully set forth herein.

70.     Sephora owed Plaintiffs and all others similarly situated a duty to exercise reasonable care to determine, represent, charge and collect the correct amount of tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

13

71.     Sephora was negligent and breached its duty of reasonable care in the following respects:

    a.  Incorrectly charging a higher tax on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

    b.  Charging a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility in violation of Missouri law;

    c.  Collecting a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility in violation of Missouri law;

    d.  Failing to disclose to customers that it was charging a higher tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility.

72.     As a direct and proximate result of Sephora's negligence, Plaintiffs and all others similarly situated sustained monetary damages in the form of excessive taxes paid.

73.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT IV:  MONEY HAD AND RECEIVED

74.     Plaintiffs incorporate by reference and re-allege all preceding paragraphs of this Petition as if fully set forth herein.

75.     Sephora has received money from Plaintiffs and the Class by charging a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility rather than the use

14

tax rate mandated by Missouri law, which in equity and good conscience ought to be returned to Plaintiffs and the Class.

76.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## **PRAYER FOR RELIEF**

77.     WHEREFORE, Plaintiffs and each member of the proposed Class pray for a judgment:

(a) Certifying the Class as requested herein;

(b) Entering an order appointing Orlowsky Law, LLC and Goffstein Law, LLC as counsel for the Class;

(c) Awarding Plaintiffs and the Class compensatory damages, including the return of the full amount of excessive taxes paid;

(d) Awarding restitution to Plaintiffs and Class;

(e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Sephora from continuing the unlawful practices as set forth herein, specifically the charging of a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility;

(f) Awarding punitive damages in an amount to be determined at trial;

(g) Awarding pre-judgment interest;

(h) Awarding post-judgment interest;

(i) Awarding attorneys' fees and costs;

15

(j)  Providing such further relief as the Court may deem fair and reasonable.

## **JURY DEMAND**

78.    Plaintiffs demands a trial by jury on all issues so triable.


Respectfully submitted,


Orlowsky Law, LLC


/s/ Daniel J. Orlowsky
Daniel J. Orlowsky, #57387
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7375
dan@orlowskylaw.com

Attorney for Plaintiffs


Goffstein Law, LLC


/s/ Adam M. Goffstein
Adam M. Goffstein, #45611
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7278
adam@goffsteinlaw.com

Attorney for Plaintiffs