# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIFFANY FEMMER on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 4:20-cv-00676-JMB |
| v. ) ) | |
| SEPHORA USA, INC., ) ) | |
| Defendant. ) | |

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the Unopposed Motion for Final Approval of Class Action Settlement (Doc. 76) and the Motion for Approval of Attorneys' Fees and Incentive Award (Doc. 72). For the reasons set forth below and at the Final Approval of Class Action Settlement Hearing held on April 26, 2023, both Motions are **GRANTED**.

On May 21, 2020, this matter was removed to this Court on Plaintiff's class action complaint alleging that Defendant, Sephora USA, Inc., collected excessive state taxes on consumer purchases made through remote channels, including the internet, that were shipped to Missouri addresses from out-of-state facilities (Docs. 1-1, 35). After some motion practice, including a motion to remand and a motion to dismiss, a Case Management Order was entered on April 1, 2021 setting forth a July 18, 2022 jury trial date. Shortly thereafter, however, the parties moved to stay this action to facilitate settlement discussions (Doc. 44). During the stay, the parties regularly informed the Court of the progress of settlement, which included extensive negotiation with the Missouri Department of Revenue for a refund of excess taxes. After months of negotiation, the parties achieved a settlement that was preliminarily approved by the Court on November 29, 2022 (Doc. 70).

On April 26, 2023, the parties appeared to address final approval of the class action settlement.  During the hearing, the Court outlined the history of the case, discussed the factors contained in Federal Rule of Civil Procedure 23 and Van Horn v. Trickey, 840 F.2d 604 (8th Cir. 1988), determined whether anyone objected (there was no objection), considered counsel's representation of Plaintiffs, and generally considered whether the settlement was reasonable, adequate, and fair.  In doing so, the Court noted that the parties' significant work in achieving a settlement after extensive, arms-length negotiations over the course of many months that included negotiations with the Missouri Department of Revenue, a third party.

The Court also outlined and discussed the Rule 23 factors.  The Court found that the class was sufficiently defined and identifiable, that Plaintiff Femmer was within the class of plaintiffs, and that the factors of numerosity, commonality, typicality, and adequacy of representation were met.  In particular, the Court found that: joinder of the thousands of potential plaintiffs was impracticable; there exist common questions of both law and fact, including the appropriate tax rate; that Plaintiff Femmer's claims were typical of the class in that she paid a tax rate higher than necessary; and that the class representative and counsel fairly and adequately represented the interests of the class.  In addition, the Court noted that prosecuting separate actions by individual purchasers would be practically impossible and would have led to inconsistent results, and that the issues in this case, related to collecting and paying the wrong tax, are well-suited for a class action lawsuit.  The Court further found that the Van Horn factors were met.  In particular, the novel nature of this action makes a settlement desirable over extended and costly litigation, especially where settlement allows for a tax refund and non-economic relief; the Defendant was actively involved in acquiring a refund from the State of Missouri thereby avoiding a potential two-step

litigation; as set forth above, this matter may have resulted in years of expensive and complicated litigation that would have limited recovery; and, there appears to be no opposition to the settlement.

In addition, the Court discussed the value of the settlement, notice, and counsel's representation, costs, and fees.  The settlement treats class member equitably relative to each other in that the settlement amount is proportionate to the amount of taxes paid.  As such, each class member will receive a fair settlement amount through a cost-effective electronic payment, in addition to the non-economic relief of changes to Defendant's tax collection practices.  This remedy is valuable because of the number of existing and repeat customers who frequent Sephora's on-line presence.  The class members received adequate notice through e-mail, direct mail, access to a website and toll-free telephone number.  The notice set forth the terms of the settlement, informed class members of their rights, provided enough information about the final fairness hearing, informed them of the option to object and/or opt-out, and set forth their potential recovery and costs/fees.  The notice was successful, having reached almost all class members with only a 1.9% failure rate.  No person objected to the settlement terms and only one person opted out after receiving notice.

Finally, class counsel was qualified to represent the class and represented the interests of the class fairly and adequately.  Counsel's requested fees and expenses are reasonable:  they represent 36% of the total settlement amount, within a typical contingency fee amount. The Court finds that this amount is reasonable given counsels' experience and work in this novel and complex litigation.  In addition, Plaintiff Femmer's $5,000 incentive fee is reasonable given the circumstances of this case.

In sum, for the reasons set forth at the hearing and in this Final Order, the Court finds that the settlement agreement is fair, reasonable, and adequate.  Accordingly,

.        **IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1.     Unless stated otherwise, all capitalized terms used in this Final Order and Judgment shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2.     The Court has read and considered the papers filed in support of Plaintiff's Motions, including all exhibits thereto and supporting declarations.  The Parties have provided the Court with sufficient information to enable it to determine whether to certify the Settlement Class and finally approve the Settlement.

3.     The Court finds that it has jurisdiction over the subject matter of the Litigation and all claims raised therein, and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4.     The Court preliminarily approved the Parties' Settlement Agreement in its Preliminary Approval Order dated November 29, 2022.  Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order, and the Parties' Notice Plan, the Settlement Class Members were notified of the terms of the proposed Settlement and of a final approval hearing to determine, inter alia, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the released claims against the Releasees.

5.     The Court held a final approval hearing on April 26, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement.  Settlement Class members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement.

6.     Pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (e), and solely for purposes of settlement, the Court finally approves certification of the following Settlement Class:

4

> All Persons who made at least one Qualifying Purchase, regardless of whether such person is or might be a party to an arbitration agreement or class action waiver with Sephora.

A Qualifying Purchase is defined as follows:

> A retail transaction for the purchase of tangible personal property from Sephora for which all of the following are true: (a) the transaction was made either via Sephora's website, www.sephora.com, or via another remote sales channel for which Sephora was responsible for calculating tax due on the purchase; (b) the transaction was completed between March 01, 2015 through June 30, 2021; (c) the purchased property was shipped by or on behalf of Sephora from a location outside the state of Missouri; (d) the purchaser's delivery address was within the state of Missouri; and (e) Sephora charged the purchaser an amount of tax on the transaction that exceeded the Vendor's Use Tax Amount for that transaction. Notwithstanding the foregoing sentence, any transaction on which the purchaser received a refund on the entire transaction will be excluded from "Qualifying Purchases," and where a consumer received a partial refund on a transaction, only the portions of the transaction on which the purchaser did not receive a refund may be a Qualifying Purchase, provided that those portions, standing alone, meet the definition of "Qualifying Purchase" set forth in this Paragraph.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the final approval hearing, and pursuant to Federal Rule 23(e)(2), the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: Plaintiff and Settlement Class Counsel have adequately and capably represented the Settlement Class; the Settlement Agreement was negotiated at arms-length between the Parties and only reached following months of negotiations; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e)(2)(C); and the Settlement Agreement treats Settlement Class Members equitably relative to each other. The Settlement is also fair, adequate, and reasonable based on the four factors laid out in Van Horn,

5

namely: (1) the Settlement provides adequate compensation in light of the strength of Plaintiff's case; (2) the financial condition of the Defendant is such that the Settlement is reasonable; (3) the complexity and expense of further litigation counsels in favor of approval; and (4) the absence of opposition to the Settlement. Therefore, the Settlement is finally approved.

8. For settlement purposes only, the Court confirms the appointment of Tiffany Femmer as Settlement Class Representative of the Settlement Class and the following counsel as Settlement Class Counsel:

> Daniel J. Orlowsky
> ORLOWSKY LAW, LLC
> 7777 Bonhomme Ave., Suite 1910
> St. Louis, Missouri 63105
>
> Adam M. Goffstein
> GOFFSTEIN LAW, LLC
> 7777 Bonhomme Ave., Suite 1910
> St. Louis, MO 63105

9. With respect to the Settlement Class, the Court finds, for settlement purposes only, that the prerequisites to certification listed in Federal Rule of Civil Procedure 23 are satisfied, namely:

    A.    Rule 23(a)(1) is satisfied because the Settlement Class is so numerous that joinder would be impracticable;

    B.    Rule 23(a)(2) is satisfied because the Settlement Class Members all present a common contention and suffered common injuries;

    C.    Rule 23(a)(3)'s typicality requirement is met because the claims of the named Plaintiff are typical of the Settlement Class Members' claims;

    D.    The adequacy requirements of Rule 23(a)(4) are satisfied because Plaintiff's interests are not antagonistic to those of the Settlement Class and Settlement Class Counsel vigorously pursued all claims;

    E.    Rule 23(b)(3) is satisfied because common issues predominate over individual issues, the Settlement Class is manageable for settlement

          purposes, and class-wide resolution is the superior method for resolving this dispute.

    F.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

See In re Aurora Dairy Corp., 4:08-md-1907, 2013 WL 12433637, at *16–21 (E.D. Mo. Feb. 26, 2013).

10.    The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.

11.    The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly stated and shall have the full force of an order of this Court.

12.    The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant. The Court adjudges that the Settlement Class Member Released Claims, the claims covered under the Individual General Release by Settlement Class Representative, and all of the claims described in the Settlement Agreement are released against the Releasees.

13. The Court adjudges that Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against the Releasees.

14. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release of the Settlement Class Member Released Claims will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Settlement Class Member Released Claims or any of the claims described in the Settlement Agreement against any of the Releasees.

16. The Court approves payment of Attorneys' Fees to Settlement Class Counsel in the amount of $749,752.57. This amount shall be paid from the Class Settlement Amount in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Settlement Class Counsel in support of final approval of the Settlement and their request for Attorneys' Fees and in response to any timely filed objections thereto, finds the award of Attorneys' Fees appropriate and reasonable for the following reasons: First, the Court

finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class Members that Settlement Class Counsel would seek an award in the amount sought.

17. The Court approves payment of an Incentive Award in the amount of $5,000 for the Settlement Class Representative, and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation and helping achieve the compensation made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18. Neither this Final Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Settlement Class Member Released Claims. This Final Order and Judgment is not a finding as to the merits of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

19.     Any outstanding objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment.

20.     The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits supporting the declarations and to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2023